**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MASTERS PHARMACEUTICAL, INC., | ) | CASE NO.  1:14-cv-551 |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL R. BARRETT |
| | ) | |
| vs. | ) | |
| | ) | |
| DEVOS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT DEVOS, LTD.'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**
<u>**DISMISSING PLAINTIFF'S AMENDED COMPLAINT**</u>

## TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS ............................................................................ 1

    A.  PROCEDURAL BACKGROUND ............................................................. 1

    B.  FACTUAL BACKGROUND ..................................................................... 2

III. LAW AND ARGUMENT .............................................................................. 4

    A.  STANDARD OF REVIEW ...................................................................... 4

    B.  THE AMENDED COMPLAINT FAILS TO PLEAD BREACH OF CONTRACT ADEQUATELY IN COUNT TWO ......................................................... 6

    C.  COUNT THREE OF THE AMENDED COMPLAINT ALSO FAILS TO PLEAD BREACH OF CONTRACT ADEQUATELY ............................................. 8

    D.  PLAINTIFF'S "CLAIM ON AN ACCOUNT" IS SUBSUMED BY PLAINTIFF'S CONTRACT CLAIMS ......................................................................... 10

    E.  THE COMPLAINT FAILS TO PLEAD BREACH OF BAILMENT ............... 11

    F.  THE AMENDED COMPLAINT FAILS TO PLEAD NEGLIGENCE ............... 12

    G.  THE AMENDED COMPLAINT FAILS TO PLEAD FRAUDULENT INDUCEMENT ........ 13

IV. CONCLUSION ............................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*All Terrain Vehicle Litig.*,
    771 F. Supp. 1057 (C.D. Cal. 1991) ................................................................ 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................... 1, 4

*Ashland, Inc. v. Oppenheimer & Co., Inc.*,
    648 F.3d 461 (6th Cir. 2011) .......................................................................... 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................... 1, 4

*Bennett v. MIS Corp.*,
    607 F.3d 1076 (6th Cir. 2010) ........................................................................ 5

*Biskind v. American Exp. Co.*,
    No. 1:14 CV 460, 2014 WL 4441367 (N.D. Ohio Sept. 9, 2014) ................................ 5, 14, 15

*Brennan v. A-A Auto Transport, Inc.*,
    No. 5:06 CV 2890, 2007 WL 2886355 (N.D. Ohio Sept. 27, 2007) ....................................... 11

*Cancino v. Yamaha Motor Corp., U.S.A.*,
    494 F. Supp. 2d 664 (S.D. Ohio 2005) .................................................................. 6

*Circle Click Media LLC v. Regus Management Group LLC*,
    No. 12–04000, 2013 WL 57861 (N.D. Cal. Jan. 3, 2013) ...................................................... 16

*Collins v. Click Camera & Video, Inc.*,
    621 N.E.2d 1294 (Ohio Ct. App. 1993) .................................................................... 11

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
    911 F.2d 242 (9th Cir. 1990) ........................................................................... 16

*Cooper & Pachell v. Haslage*,
    756 N.E.2d 1248 (Ohio Ct. App. 2001) ................................................................... 10

*Daily Services, LLC v. Valentino*,
    756 F.3d 893 (6th Cir. 2014) ......................................................................... 4, 9

*Davisson v. Ford Motor Co.*,
    No. 2:13–CV–00456, 2014 WL 4377792 (S.D. Ohio Sept. 3, 2014) ....................................... 5

*DDR Hendon Nassau Park II LP v. Radioshack Corp.*,
    No. 1:08–cv–2535, 2010 WL 723776 (N.D. Ohio Feb. 24, 2010) .......................................... 5

*Dooley v. Wells Fargo Bank, Nat. Ass'n*,
    941 F. Supp. 2d 862 (S.D. Ohio 2013) ........................................................ 13

*Estate Funds, Inc. v. American General Life Co. of New York*,
    No. 89 CIV. 6735, 1990 WL 124516 (S.D.N.Y. August 20, 1990) ......................... 12

*Garofalo v. Chicago Title Ins. Co.*,
    661 N.E.2d 218 (Ohio Ct. App. 1995) ...................................................... 6

*Herrington v. Verrilli*,
    151 F. Supp. 2d 449 (S.D.N.Y. 2001) ..................................................... 11

*Kohus v. Graco Children's Products, Inc.*,
    No. 1:09-cv-503, 2010 WL 3785311 (S.D. Ohio Sept. 21, 2010) ......................... 9

*Leber v. Citigroup 401(K) Plan Inv. Committee*,
    No. 07–cv–9329, 2015 WL 5244660 (S.D.N.Y. Sept. 8, 2015) ........................... 14

*Lesniak v. Mission Essential Personnel, LLC*,
    No. 2:12–cv–1041, 2013 WL 6008912 (S.D. Ohio Nov. 13, 2013) ....................... 15

*McDonald v. Canton Med. Edn. Found., Inc.*,
    995 N.E.2d 1216 (Ohio Ct. App. 2013) ..................................................... 6

*Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*,
    536 Fed. App'x 558 (6th Cir. 2013) ...................................................... 15

*Mulch Mfg., Inc. v. Advanced Polymer Solutions, LLC*,
    947 F. Supp. 2d 841 (S.D. Ohio 2013) ..................................................... 6

*Pacheco v. Cambridge Technology Partners (Massachusetts), Inc.*,
    85 F. Supp. 2d 69 (D. Mass. 2000) ...................................................... 16

*Pavlovich v. Nat'l City Bank*,
    435 F.3d 560 (6th Cir. 2006) ............................................................ 13

*Pennsylvania R. Co. v. City of Girard*,
    210 F.2d 437 (6th Cir. 1954) ......................................................... 5, 6

*Pension Fund Group v. Tempur-Pedic Intern., Inc.*,
    614 Fed. App'x 237 (6th Cir. 2015) ...................................................... 15

*Poundstone v. DEW Resources, Inc.*,
    375 Fed. App'x 353 (6th Cir. 2003) ...................................................... 12

*Premier Business Group, LLC v. Red Bull of North America, Inc.*,
    No. 08–CV–01453, 2009 WL 3242050 (N.D. Ohio Sept. 30, 2009) ..................... 15

iv

*Royal Park Investments SA/NV v. HSBC Bank USA, Nat. Ass'n*,
  Nos. 14–cv–8175, 14–cv–9366, 14–cv–10101, 2015 WL 3466121
  (S.D.N.Y. June 1, 2015) ........................................................................................ 13

*SFS Check, LLC v. First Bank of Delaware*,
  774 F.3d 351 (6th Cir. 2014) ............................................................................. 5, 14

*Sirohi v. Trustees of Columbia University*,
  No. 94-CIV-6165, 1996 WL 71504 (S.D.N.Y. Feb. 20, 1996) ................................. 9

*Streets v. Putnam Inc.*,
  No. 2:13–cv–803, 2014 WL 1922817 (S.D. Ohio May 14, 2014) ........................... 9

*Swan Media Group, Inc. v. Staub*,
  841 F. Supp. 2d 804 (S.D.N.Y. 2012) ..................................................................... 6

*Troy Boiler Works, Inc. v. Sterile Technologies, Inc.*,
  777 N.Y.S.2d 574 (N.Y. 2003) ............................................................................. 10

**Rules**

Federal Rule of Civil Procedure 8(a) ............................................................................. 4

Federal Rule of Civil Procedure 9(b) ......................................................................... 1, 5

Federal Rule of Civil Procedure 12(b)(6) ..................................................................... 4

## I. INTRODUCTION

For many of the same reasons Plaintiff Masters Pharmaceutical, Inc.'s original Complaint failed to assert valid claims against Defendant Devos, Ltd., its Amended Complaint [Doc. 42] likewise fails. Once again, the Amended Complaint merely attempts to expand upon the baseless allegations set forth in the original Complaint regarding Plaintiff's erroneous belief that it is entitled to more compensation for products it attempted to return through Devos than it received from those products' manufacturers. Those new allegations, though, serve only to clarify that Plaintiff has no legally cognizable claims against Devos, as Plaintiff fails to plausibly allege that Devos bears any legal responsibility for Plaintiff not receiving the compensation it subjectively believes it is due.

Accordingly, Devos is entitled to judgment on the pleadings on Plaintiff's claims for "Claim on an Account" (Count One), Breach of Contract (Counts Two and Three), Breach of Bailment (Count Four), and Negligence (Count Five), under the federal pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Additionally, Plaintiff's allegations of Fraudulent Inducement (Count Six) fall short of the heightened pleading standard for claims alleging fraud, as set forth in Federal Rule of Civil Procedure 9(b). Therefore, as more fully discussed below, Devos is entitled to judgment on the pleadings on all Counts plaintiff has attempted to assert in the Amended Complaint.

## II. STATEMENT OF FACTS

### A. PROCEDURAL BACKGROUND

Plaintiff originally filed this lawsuit in the Hamilton County Court of Common Pleas, and Devos removed the case to this Court and filed its Answer. [*See* Doc. Nos. 1, 14.] On February 13, 2015, Devos filed a motion for partial judgment on the pleadings, explaining that Plaintiff's claims for breach of contract, conversion, breach of bailment, and replevin were insufficiently

pled. [*See* Doc. No. 28.] In its opposition to that motion, evidently recognizing the legal insufficiency of its allegations, Plaintiff sought leave to file an amended complaint. [*See* Doc. No. 32.] Before receiving a ruling on its first motion to amend, Plaintiff subsequently filed a second motion for leave to amend its Complaint, allegedly based upon "newly discovered evidence" regarding Devos's means of fulfilling its purported obligation to obtain the maximum refund possible from manufacturers for the return of Plaintiff's products. [*See* Doc. No. 38.]

On September 29, 2015, the Court granted Plaintiff's second motion to amend, and denied the other motions as moot. [Doc. No. 41.] Plaintiff filed the Amended Complaint on October 2, 2015 [Doc. No. 42], and Devos timely filed its Answer on October 16, 2015. [Doc. No. 43.] The pleadings are now closed, making a motion for judgment on the pleadings ripe.

### B.    FACTUAL BACKGROUND

Plaintiff claims to be a wholesale distributor of pharmaceutical products and a former Devos customer. (*See* Am. Complt. ¶¶ 2, 16.) Devos is a reverse distributor of pharmaceutical products. (*See id.* at ¶ 4.). Plaintiff alleges that in the role of reverse distributor, Devos "contracts with distributors like [Plaintiff] to facilitate the return of expired, recalled, overstocked, or 'short-dated' pharmaceuticals and medical devices belonging to the distributor." (*Id.*)

Plaintiff recognizes that Devos is just a middleman, alleging that after Devos processes and returns its customers' products to the manufacturers it "is paid the return value of the product by the product's original manufacturer." (*Id.* at ¶ 8.) Plaintiff states that "Defendant is required to return the payments ***it receives*** to its customers," less certain fees. (*Id.* at ¶ 9 (emphasis added).) Plaintiff alleges that "[s]ince 2005, [it] had delivered to Defendant more than $3 million in prescription drugs and medical devices." (*Id.* at ¶ 54.) In its original Complaint, Plaintiff correctly conceded, in a judicial admission, that Devos "***has returned***" those products to

2

the manufacturers, just as Plaintiff contends it was required to do. (Complt. at ¶ 20 (emphasis added); *see also id.* at ¶ 9 (conceding that Devos returned the products in question "to their respective manufacturers, authorized distributors, or to other entities").)

The crux of Plaintiff's Amended Complaint is that Devos "secretly batch[ed]" Plaintiff's products together with products from other manufacturers prior to returning them. (*See, e.g.*, Am. Complt. ¶ 24.) But Plaintiff fails to explain how batching—which is a standard practice in the industry—constituted a breach of the parties' contract.

The Amended Complaint also alleges that Defendant allowed the products' wholesalers (to whom the credits were issued by the manufacturers before the value of those credits ever reached Devos) to deduct "hidden fees" from Plaintiff's refund, pursuant to a "secret agreement" with those wholesalers. (*See, e.g.*, *id.* at ¶¶ 35-36; 41.) Again, even if true (which Devos does not concede), those allegations fail to establish that Devos breached its contractual obligation to Plaintiff. Nothing in any alleged contract obliged Devos to preclude other entities from deducting their fees (which Devos could not control).

Further, Plaintiff alleges that Devos represented that it "would obtain the highest possible cash refund for Masters' products." (*See id.* at ¶ 11.) Importantly, though, Plaintiff fails to allege that Devos, in fact, obtained anything other than the highest refund possible. And, in any event, such an allegation would be false.

Finally, Plaintiff attempts to plead that Devos fraudulently induced Plaintiff to use Devos's services—a charge supported by only vague references to allegedly false representations. (*See id.* at ¶¶ 75-76.) Those allegations entirely fail to specify the time, place, and content of the alleged fraudulent representations, and they do not identify any allegedly fraudulent scheme, as required to plead a claim of fraudulent inducement. Moreover, many of

the allegations, even if they were adequately pled—which they are not—constitute mere puffery and cannot support a claim of fraudulent inducement as a matter of law.

Accordingly, Devos denies Plaintiff's claims and seeks dismissal of the Amended Complaint in its entirety.

## III.   LAW AND ARGUMENT

### A.   STANDARD OF REVIEW

The standard for ruling on a motion for judgment on the pleadings is essentially the same as ruling on a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Daily Services, LLC v. Valentino*, 756 F.3d 893, 898 (6th Cir. 2014) ("We evaluate a Rule 12(c) motion for judgment on the pleadings as we would a Rule 12(b)(6) motion to dismiss.") (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). To survive the Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

Federal Rule of Civil Procedure 8(a) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" or be subject to dismissal. To comply with Rule 8, a complaint must provide "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F.3d 461, 467-68 (6th Cir. 2011). Courts are not bound to accept legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 n.3. A complaint should be dismissed where it fails to plead enough facts to "nudge[] the[] claims across the line from conceivable to plausible." *Id.* at 570. Here, Plaintiff offers nothing more

4

than bare assertions that Devos has breached a purported contract with Plaintiff, which is wholly unsupported by Plaintiff's factual allegations. In some instances, Plaintiff's factual allegations actually contradict its legal claims.

A claim for fraudulent inducement—such as the claim Plaintiff has attempted to assert in Count Six of the Amended Complaint—is subject to the heightened pleading requirements of Rule 9(b). *See, e.g., Davisson v. Ford Motor Co.*, No. 2:13–CV–00456, 2014 WL 4377792, at *8 (S.D. Ohio Sept. 3, 2014) ("It is well-settled that any claim sounding in fraud . . . must meet Rule 9(b)'s pleading standard."); *Biskind v. American Exp. Co.*, No. 1:14 CV 460, 2014 WL 4441367, at *7 (N.D. Ohio Sept. 9, 2014) (dismissing claim for fraudulent inducement for failure to satisfy the heightened pleading requirements of Rule 9(b)). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). To satisfy Rule 9(b), a plaintiff must "(1) specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 358 (6th Cir. 2014) (citing *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008)); *see also Bennett*, 607 F.3d at 1100 (same). Plaintiff's fraudulent inducement claim falls far short of that standard.

Because Plaintiff's allegations are unsupported by the facts pled in the Amended Complaint, each count of the Amended Complaint should be dismissed with prejudice based upon Plaintiff's judicial admissions. *See DDR Hendon Nassau Park II LP v. Radioshack Corp.*, No. 1:08–cv–2535, 2010 WL 723776, at *6 (N.D. Ohio Feb. 24, 2010) (recognizing that allegations in a complaint constitute a plaintiff's judicial admissions); *see also Pennsylvania R. Co. v. City of Girard*, 210 F.2d 437, 440 (6th Cir. 1954) (recognizing judicial admission doctrine

under which a plaintiff is deemed to have admitted facts that are alleged in a complaint). Importantly, allegations from a prior complaint remain judicial admissions throughout the pendency of the case, even where the plaintiff subsequently files an amended complaint. *See Pennsylvania R. Co.*, 210 F.2d at 440 ("[P]leadings withdrawn or superseded by amended pleadings are admissions against the pleader in the action in which they were filed."); *see also Cancino v. Yamaha Motor Corp., U.S.A.*, 494 F. Supp. 2d 664, 666 (S.D. Ohio 2005) (holding, where plaintiffs had filed an amended complaint, "[t]he Court agrees with Defendant that the allegations in Plaintiffs' original Complaint constitute admissions against them . . . .").

## B. THE AMENDED COMPLAINT FAILS TO PLEAD BREACH OF CONTRACT ADEQUATELY IN COUNT TWO

The factual allegations in Count Two of the Amended Complaint do not support a claim for breach of contract. To establish a breach of contract a plaintiff must plead and prove: "1) the existence of a contract; 2) performance by the plaintiff; 3) ***nonperformance by the defendant***; and 4) ***damages as a result***." *McDonald v. Canton Med. Edn. Found., Inc.*, 995 N.E.2d 1216, 1221 (Ohio Ct. App. 2013) (emphases added) (citing *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261 (Ohio Ct. App. 1996)); *Garofalo v. Chicago Title Ins. Co.*, 661 N.E.2d 218 (Ohio Ct. App. 1995); *see also Swan Media Group, Inc. v. Staub*, 841 F. Supp. 2d 804, 807 (S.D.N.Y. 2012) ("Under New York law, the elements of a breach of contract claim are (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages.").[1] Plaintiff fails to allege that Defendant did not fully perform its contractual obligations.

---

[1] Defendant does not concede that this case is governed by Ohio law. Nonetheless, a choice-of-law analysis is unnecessary here because there is no "conflict" in the potentially applicable laws—whether decided under Ohio law or New York law, the result is the same. *See Mulch Mfg., Inc. v. Advanced Polymer Solutions, LLC*, 947 F. Supp. 2d 841, 845 (S.D. Ohio 2013) ("[T]he Court finds it unnecessary to perform a choice of law analysis. Under Ohio law, 'if two jurisdictions apply the same law, or would reach the same result applying their respective laws, a choice of law determination is unnecessary because there is no conflict, and the laws of the forum state apply.'").

The factual allegations in the Amended Complaint are entirely disconnected from the legal conclusion that Devos can be held liable for breach of contract.  Plaintiff first alleges that Devos "agreed that it would collect the return value from the manufacturers of [Plaintiff's] products on Masters' behalf" and that Devos "agreed to pay Masters the return value of those products less of fee for [Devos's] services equal to either 10.9 percent or 14 percent of the total refund received."  (Am. Complt. ¶¶ 51-52.)  Plaintiff also alleges that Devos "guaranteed Masters that it would obtain the maximum refund possible . . . ."  (*Id.* at ¶ 53.)  Plaintiff then asserts that "in breach of the parties' agreement," Devos batched Plaintiff's products together with products being returned on behalf of Devos's other customers.  (*Id.* at ¶ 54.)  Critically, Plaintiff never explains how batching was inconsistent with the purported contractual obligations it ascribes to Devos.

Without that basic allegation that Devos's process resulted in Plaintiff receiving less than the "maximum refund possible," the Amended Complaint lacks two basic elements of a breach of contract claim – both that Devos failed to perform and that Plaintiff was actually injured.  Nor can Plaintiff attempt to fix the pleading by making those allegations, because Plaintiff is well-aware that the industry practice of batching is a ***means*** for reverse distributors to obtain the maximum refund possible for its customers' products because it streamlines the returns and reduces overhead for all involved.

Continuing its theme of unexplained and unsupported legal conclusions, Plaintiff further alleges that Devos "paid Masters ***only*** a proportionate share of the proceeds generated by the entire 'batch' of returned product, rather than the actual return value of Masters' products."  (*Id.* at ¶ 56 (emphasis added.))  Again, this is nothing more than Plaintiff alleging that it subjectively

7

believes it was entitled to a greater return, coupled with speculation and innuendo, but failing to allege how Devos was in any way responsible for Plaintiff's unmet expectations (in hindsight).

While Plaintiff is adamant that it was entitled to a greater refund, it has failed to allege any facts supporting how that belief results in a valid breach of contract claim against Devos. Instead, Plaintiff asks this Court to speculate that some breach of contract must account for why Plaintiff's expectations were not met. But Plaintiff concedes that Devos was required to process its returns in accordance with manufacturer policies, and pass along the refunds it actually receives for those products, and Plaintiff admits that Devos did that. (*See* Complt. ¶¶ 9, 20; Am. Complt. ¶ 9.) Those allegations negate any claim for breach of contract on the face of the Amended Complaint.

Plaintiff finally alleges in Count Two that Devos "never . . . gave Masters any opportunity to provide any information that would cause the manufacturer to issue the full refund." (Am. Complt. at ¶ 57.) Entirely absent from the Amended Complaint, though, is any allegation that Plaintiff could or would have come forward with the information Plaintiff claims Devos should have requested. (*See generally id.*) Nor is there any allegation that Plaintiff actually had documents or information that would have supported a claim for a greater return. (*See generally id.*) The absence of such allegations leaves the Amended Complaint devoid of the necessary allegations to support a claim for breach of contract. *See Twombly*, 550 U.S. at 570. Accordingly, Count Two should be dismissed.

### C. COUNT THREE OF THE AMENDED COMPLAINT ALSO FAILS TO PLEAD BREACH OF CONTRACT ADEQUATELY

Count Three of the Amended Complaint, like Count Two, is unsupported by factual allegations and, accordingly, likewise fails to state a claim. To survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is

plausible on its face.'" *See Daily Services, LLC*, 756 F.3d at 898 (quoting *Iqbal*, 556 U.S. at 678). Accordingly, courts in the Southern District of Ohio have dismissed breach of contract claims that are facially implausible. *See, e.g., Streets v. Putnam Inc.*, No. 2:13–cv–803, 2014 WL 1922817, at *2 (S.D. Ohio May 14, 2014) (holding that plaintiff failed to state a claim for breach of contract and granting motion to dismiss where court held plaintiff's claimed interpretation of a contract provision to be implausible).

Count Three of the Amended Complaint makes allegations that are much worse than facially implausible; they are impossible. Paragraph 61 asserts that "[i]n breach of the parties' agreement, Defendant calculated its fees as a percentage of the ERV rather than the refunds Masters actually received." (Am. Complt. ¶ 61.) Elsewhere in the Amended Complaint, Plaintiff asserts that "[s]ince 2007, Defendant determined that Masters had delivered products having a combined return value of at least $2,960,718." (*Id.* at ¶ 29.) It also asserts that "Masters is still calculating the damages it has sustained as a result of Defendant's practice of calculating its fees as a percentage of the ERV rather than the actual refunds received, but it believes that this practice resulted in Masters paying at least $350,000 more in fees than it should have." (*Id.* at ¶ 43.) Exhibit A to Plaintiff's Amended Complaint shows a total ERV of $2,960,718, and therefore, evidently represents all transactions dating back to 2007.[2] (*See* Am. Complt. Ex. A.) Exhibit A also shows total fees paid to Devos of less than $350,000, rendering Plaintiff's allegation that it "overpaid" Devos by $350,000 facially impossible, because Plaintiff (correctly) acknowledges that it owed at least some fees to Devos.

---

[2] It also is apparent from the face of the Amended Complaint that significant portions of Plaintiff's breach of contract claims likely are time-barred. *See Kohus v. Graco Children's Products, Inc.*, No. 1:09-cv-503, 2010 WL 3785311, at *4 (S.D. Ohio Sept. 21, 2010) (statute of limitations for a cause of action for breach of oral contract in Ohio is six years) (citing Ohio Rev. Code § 2305.07); *Sirohi v. Trustees of Columbia University*, No. 94-CIV-6165, 1996 WL 71504, at *6 (S.D.N.Y. Feb. 20, 1996) (statute of limitations for breach of oral contract under New York law is six years) (citing New York C.P.L.R. § 213 (McKinney's 1994)).

The remaining allegations of Count Three similarly assert a legal conclusion that is not supported by factual allegations. In Paragraph 62 of the Amended Complaint, Plaintiff contends that "[u]nbeknownst to Masters and in further breach of the parties' agreement, Defendant paid certain third-parties administrative and other fees . . . ." (*Id.* at ¶ 62.) Plaintiff has failed to explain how the payment of required wholesaler fees, over which Devos had no control, is in any way inconsistent with Devos's contractual obligation to return Plaintiff's products, or even with Devos's purported representation that it "would obtain the highest possible cash refund for Masters' products." (*See id.* at ¶ 11.) Plaintiff's refusal to acknowledge how refunds are processed does not support a claim for breach of contract.[3]

### D. PLAINTIFF'S "CLAIM ON AN ACCOUNT" IS SUBSUMED BY PLAINTIFF'S CONTRACT CLAIMS

As demonstrated above, the Amended Complaint fails to state a claim for breach of contract, and accordingly, Plaintiff cannot maintain its claim on an account (Count One). "An action on an account is an action for a breach of contract. Where the defendant denies all the allegations of the complaint, the plaintiff has the burden of proving by a preponderance of the evidence all the elements of a claim for breach of contract" when attempting to establish a claim for "claim on an account." *Cooper & Pachell v. Haslage*, 756 N.E.2d 1248, 1250 (Ohio Ct. App. 2001) (citing *AMF, Inc. v. Mravec*, 440 N.E.2d 600, 603 (Ohio Ct. App. 1981); *see also Troy Boiler Works, Inc. v. Sterile Technologies, Inc.*, 777 N.Y.S.2d 574, 579 (N.Y. 2003) (holding that cause of action for claim on an account was governed by the same statute of limitations as the underlying contract since "any such claims relate to and cannot be divorced

---

[3] While not necessary for a ruling on this motion, it bears mentioning that Plaintiff has completely misrepresented how wholesalers take their fees. As Plaintiff knows from the 30(b)(6) depositions conducted in this case, Devos does not pay the wholesalers anything, and manufacturers do not send refunds directly to Devos. Instead, manufacturers issue credit to wholesalers, and wholesalers fund those credits by submitting cash to Devos. By the time Devos first receives any money for refunds, all wholesaler fees are already deducted. Thus, Devos does not "pay" wholesalers at all and, just as Plaintiff demands, Devos remits what it receives to its customers less its permissible service fee.

from the underlying sales transaction"). Here, for the reasons explained above, Plaintiff's claims for breach of contract fail, thus negating Plaintiff's ability to prove the necessary elements of the "claim on an account." *Id.* Thus, Devos is entitled to a dismissal of Count One of the Amended Complaint along with Plaintiff's breach of contract counts.

### E.    THE COMPLAINT FAILS TO PLEAD BREACH OF BAILMENT

Plaintiff's Amended Complaint, like the original Complaint, fails to plead the requisite elements of a breach of bailment claim (Count Four) and, in fact, concedes there was no contract for bailment in this case. "In order to establish a cause of action in contract under a bailment theory, the bailor must prove: (1) a contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to deliver the bailed property undamaged at the termination of the bailment." *Brennan v. A-A Auto Transport, Inc.*, No. 5:06 CV 2890, 2007 WL 2886355, at *2 (N.D. Ohio Sept. 27, 2007) (citing *Vandeventer v. Vandeventer*, 726 N.E.2d 534 (Ohio Ct. App. 1999)); *Collins v. Click Camera & Video, Inc.*, 621 N.E.2d 1294 (Ohio Ct. App. 1993). Importantly, "[a] contract of bailment is formed like any other contract, and its essential elements include delivery of the personal property to the bailee and acceptance by the bailee, ***with the intended return to the bailor***." *Brennan*, 2007 WL 2886355, at *2 (citing *George v. Whitmer*, 2006 WL 242563, at *2, 2006-Ohio-436 (Ohio Ct. App. 2006)) (emphasis added); *see also Herrington v. Verrilli*, 151 F. Supp. 2d 449, 457 (S.D.N.Y. 2001) ("bailment is . . . delivery of personal property for some particular purpose . . . upon a contract . . . and that after such purpose has been fulfilled ***it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions or kept until he reclaims it***, as the case may be." (emphasis added)).

Here, although Plaintiff offers the legal conclusion that "[t]he agreement between the parties constituted a contract for a mutually beneficial bailment" (Am. Complt. ¶ 65), that

assertion is belied by Plaintiff's admission elsewhere in the Amended Complaint that Devos "is supposed to send the eligible products back to the original manufacturer, or its designee, and collect the refund or credit on its customer's behalf." (*Id.* at ¶ 7.) Thus, Plaintiff admits the agreement between the parties was not—and could not have been—a bailment, because there was never any intention or expectation that Devos would return the products to Plaintiff. Indeed, that would be contrary to the very purpose of the parties' arrangement.

Bailment has nothing to do with the allegations in this case and, instead, would be completely antithetical to what Plaintiff was trying to accomplish by returning product through Devos. Thus, Plaintiff's conclusory allegations notwithstanding, there is no legal basis for Plaintiff to pursue a bailment claim here.

### F.    THE AMENDED COMPLAINT FAILS TO PLEAD NEGLIGENCE

Plaintiff fails to plead a cause of action for negligence (Count 5) because its claims are not based upon any common law duty in tort law separate and apart from any contractual agreement between the parties. The claim also is barred by the economic loss doctrine. As the Sixth Circuit has recognized, "[t]here is no tort action" where "the duties imposed on these parties are a result of contractual agreements and not tort law." *Poundstone v. DEW Resources, Inc.*, 375 Fed. App'x 353, 366 (6th Cir. 2003); *see also Estate Funds, Inc. v. American General Life Co. of New York*, No. 89 CIV. 6735, 1990 WL 124516, at *1 (S.D.N.Y. August 20, 1990) ("[U]nder New York law, where an injury is remediable in contract, an action in tort will not lie unless the legal duty violated arose independently of the contract in question.").

Plaintiff asserts that Defendant had a duty to exercise "ordinary care" in the "receipt, processing and return" of Plaintiff's products, and in "the accounting of the funds generated by such returns." (Am. Complt. at ¶ 70.) Plainly, however, Devos was not under any common law duty to act in the way Plaintiff now alleges. For that reason alone, Plaintiff fails to state a

12

negligence claim because, as a matter of law, there is no common law requirement supporting Plaintiff's claim.

Plaintiff's negligence claim also fails under the economic loss doctrine, which prevents recovery in tort for purely economic loss. *See, e.g.*, *Dooley v. Wells Fargo Bank, Nat. Ass'n*, 941 F. Supp. 2d 862, 866 (S.D. Ohio 2013) (granting motion to dismiss negligence claim); *Royal Park Investments SA/NV v. HSBC Bank USA, Nat. Ass'n*, Nos. 14–cv–8175, 14–cv–9366, 14–cv–10101, 2015 WL 3466121, at *12 (S.D.N.Y. June 1, 2015) ("Because plaintiffs allege only monetary losses, without property damage or physical injury, the negligent misrepresentation claim is barred by New York's economic loss doctrine"). The rationale for this rule is that "[t]ort law is not designed to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement." *Dooley*, 941 F. Supp. 2d at 866 (quoting *Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.*, 835 N.E.2d 701 (Ohio 2005)). Accordingly, the economic loss doctrine "prevents the recovery of purely economic losses in a negligence action where recovery of such damages is not based upon a tort duty independent of contractually created duties." *Id.* (quoting *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 569 (6th Cir. 2006)). This doctrine applies in a tort action "when economic loss is unaccompanied by personal injury or property damage." *Pavlovich*, 435 F.3d at 569. Plaintiff's Amended Complaint does not make any claim for personal injury or property damage, but instead asserts purely economic loss. (*See generally* Am. Complt.) Accordingly, Plaintiff has failed to state a legally cognizable claim for negligence, and Count Five should be dismissed.

### G. THE AMENDED COMPLAINT FAILS TO PLEAD FRAUDULENT INDUCEMENT

Count Six of the Amended Complaint falls far short of the heightened pleading requirement for claims asserting fraud, and also does not allege a legally cognizable misrepresentation. To satisfy Rule 9(b), Plaintiff's claim for fraudulent inducement must "(1)

13

specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud." *SFS Check, LLC*, 774 F.3d at 358; *see also Leber v. Citigroup 401(K) Plan Inv. Committee*, No. 07–cv–9329, 2015 WL 5244660, at *14 (S.D.N.Y. Sept. 8, 2015) (allegations of fraud "must be pled with particularity . . . 'requiring a plaintiff to specify the time, place, speaker, and content of the alleged misrepresentations, as well as how the misrepresentations were fraudulent and those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth'") (citation omitted). Plaintiff's allegations fail to meet several of those elements.

First, the allegation that "on numerous occasions between 2005 and 2010" Devos "falsely" told Plaintiff that its refund would be based on the actual return value of the products, that Devos's fees were based on actual refunds received, that Devos's fees were "all inclusive," and that Devos did not charge "hidden fees," fail to allege the time and content of those purported assertions. (Am. Complt. ¶ 75.) Plaintiff fails to specify the dates on which those statements were made, who made the statements, to whom, in what context, and the particular statements that allegedly were made. By omitting such allegations, the Amended Complaint fails to plead a claim for fraudulent inducement sufficiently. *See, e.g.*, *Biskind*, 2014 WL 4441367, at *7 (dismissing fraudulent inducement claim where plaintiffs alleged that defendant company falsely told them that "their trip or any element of it could not be canceled, [defendant] was authorized to make changes to its own booking mistakes, it would cover the costs and fees for its own negligence in planning the trip, and [defendant] had made airline reservations that met plaintiffs' specifications," because "Plaintiffs' Amended Complaint does not allege when the representations were made. Their 'deceptive representations' are vague and do not state what

14

any members of [defendant company] said with particularity. And the Amended Complaint lacks any allegation of defendant's fraudulent scheme"); *Lesniak v. Mission Essential Personnel, LLC*, No. 2:12–cv–1041, 2013 WL 6008912, at *4 (S.D. Ohio Nov. 13, 2013) (dismissing fraudulent inducement claim where Plaintiff "generally state[d] various dates in April and May 2011, but d[id] not state how many telephone calls, who initiated the calls, and what the purpose of the calls was and ultimately the general topics discussed during the calls). Additionally, Plaintiff fails to allege a fraudulent scheme, providing another basis on which to dismiss Count Six of the Amended Complaint. *See, e.g.*, *Biskind*, 2014 WL 4441367, at *7 (general allegations of fraudulent claims did not allege a fraudulent scheme under Rule 9(b)).

Moreover, several of the allegedly false statements described in Paragraph 75 constitute classic puffery and, as such, cannot support a claim of fraudulent inducement. *See, e.g.*, *Premier Business Group, LLC v. Red Bull of North America, Inc.*, No. 08–CV–01453, 2009 WL 3242050, at *10 (N.D. Ohio Sept. 30, 2009) ("Many . . . courts have held that statements of opinion or puffery cannot justifiably be relied upon to form the basis of a fraud claim") (citations omitted); *see also Pension Fund Group v. Tempur-Pedic Intern., Inc.*, 614 Fed. App'x 237, 243 (6th Cir. 2015) (in securities fraud action, "vague mention of 'competitiveness' was immaterial corporate puffery that no reasonable investor would find important"); *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 Fed. App'x 558, 563 (6th Cir. 2013) ("Generalized, subjective terms like 'quality' and 'reliability' are plainly self-serving opinions, puffery on which no buyer would reasonably rely" and affirming dismissal of fraudulent misrepresentation claim based upon these terms).

Determination of whether an alleged misrepresentation is puffery is a question of law. *See, e.g.*, *Pension Fund Group*, 614 Fed. App'x at 247 (affirming dismissal with prejudice of

claim held to be "immaterial puffery" "as a matter of law"); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) ("District courts often resolve whether a statement is puffery when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and we can think of no sound reason why they should not do so" and affirming dismissal with prejudice of claims found to be puffery). Claims such as "no hidden fees" and "all inclusive" – the types of assertions Plaintiff alleges here – are classic examples of the types of claims federal courts have found to be puffery. *See, e.g.*, *Circle Click Media LLC v. Regus Management Group LLC*, No. 12–04000, 2013 WL 57861, at *10 (N.D. Cal. Jan. 3, 2013) (holding that advertising claims including "all-inclusive," "one monthly fee," "one low monthly rate" did not "represent that Defendants will refrain from charging customers additional fees" and that "many of Defendants' advertising claims amount to non-actionable puffery since they are vague and highly subjective"); *see also Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 246 (affirming dismissal of false advertising action based in part upon collection service's claim that "we're the low cost commercial collection experts," because "any implication that can be drawn from [defendant's] advertisement regarding [defendant's] lower costs and superiority over collection attorneys constitutes puffery"); *Pacheco v. Cambridge Technology Partners (Massachusetts), Inc.*, 85 F. Supp. 2d 69, 79-80 (D. Mass. 2000) (statement that "there were not going to be any more surprises" in regard to company's performance held to be puffery); *In re All Terrain Vehicle Litig.*, 771 F. Supp. 1057, 1061 (C.D. Cal. 1991) (dismissing with prejudice fraud claims based in part upon the terms "all terrain vehicle" and "all-weather tires," finding that the use of these terms constituted "general or exaggerated assertions about characteristics of Defendants' product which a reasonable consumer would not interpret as a factual claim upon which he or she could rely").

16

Because the claims Plaintiff alleges were made would constitute nothing more than puffery (even assuming they were made at all), Plaintiff has failed to state a claim for fraudulent inducement, and Count Six of the Amended Complaint also should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Devos, Ltd., is entitled to judgment on the pleadings and a dismissal of Plaintiff's Amended Complaint.

Respectfully submitted,

*/s/ Joshua A. Klarfeld*
Paul J. Cosgrove (0073160)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 698-5034/(513) 698-5035 fax
pcosgrove@ulmer.com

Joshua A. Klarfeld (0079833)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113
(216) 583-7000/(216) 583-7001 fax
jklarfeld@ulmer.com

Alyson Terrell (0082271)
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, Ohio  43215-3581
(614) 229-0000/(614) 229-0001 fax
aterrell@ulmer.com

***Attorneys for Defendant Devos, Ltd.***

17

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2015, a copy of the foregoing document was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

*/s/ Joshua A. Klarfeld*
*One of the Attorneys for Defendant*