**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MASTERS PHARMACEUTICAL, INC., | ) | CASE NO. 1:14-cv-551 |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL R. BARRETT |
| | ) | |
| vs. | ) | |
| | ) | |
| DEVOS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT DEVOS, LTD.'S
MOTION FOR JUDGMENT ON THE PLEADINGS
DISMISSING PLAINTIFF'S AMENDED COMPLAINT**

**I.   INTRODUCTION**

Plaintiff's opposition to defendant Devos, Ltd.'s motion for judgment on the pleadings does not provide any basis to permit plaintiff to pursue this lawsuit.  At its core, the six-count Amended Complaint is an insufficiently plead claim for breach of contract.  Though plaintiff attempts to disguise Counts One (claim on account), Four (breach of bailment), and Five (negligence) as various other claims, plaintiff now concedes that those claims are all premised on the identical (albeit incorrect) allegation that Devos "secretly placed [plaintiff's] products in undifferentiated 'batches.'"  (Doc. 48, 2.)  If nothing else, those claims are duplicative of plaintiff's breach of contract claims and should be dismissed.

Further, plaintiff's argument that its other claims are properly pled is without merit and unsustainable under the federal pleading standard.  Accordingly, the Amended Complaint should be dismissed.

**II.     REPLY ARGUMENT**

    **A.     PLAINTIFF'S CLAIMS ARE DUPLICATIVE**

Counts One (claim on account), Four (breach of bailment), and Five (negligence) should be seen for what they are – reiterations of plaintiff's insufficiently pled breach of contract claims. They should not survive as independent causes of action.

        **1.     This Case Does Not Sound in Bailment**

Plaintiff's opposition fails to explain how this case can proceed under a bailment theory. At most, plaintiff has attempted to articulate a theory of recovery that is the same as its deficiently pled breach of contract claim. Notably, plaintiff's breach of contract claims and breach of bailment claim are both premised on nearly identical allegations that Devos calculated fees as a percentage of the estimated return value (ERV) of products plaintiff attempted to return through Devos, rather than refunds actually received, and that Devos issued to plaintiff refunds as a proportionate share of proceeds generated by the batch of returned product. (*See* Am. Complt., ¶¶ 61, 67; *Id.*, ¶¶ 56, 66.) And plaintiff itself recognizes that the supposed "bailment" theory it advances is nothing more than a claim for breach of contract. (*See* Doc. 48, 6.) Accordingly, plaintiff's bailment claim is duplicative of the breach of contract claims and should be dismissed.

But even if plaintiff is correct that its bailment claim is distinct from its contract claim, plaintiff still cannot avoid the dispositive fact that plaintiff has not pled that there was never an intent to have the products it shipped to Devos returned to it, nor could plaintiff make such an allegation as all those products were intended to be shipped to their original manufacturers or destroyed, as they were. And, as Devos previously explained, one of the critical requirements of a bailment claim is that there must have been an intent to return to the product in question to the bailor, here plaintiff. *See, e.g.*, *Brennan v. A-A Auto Transport, Inc.*, No. 5:06 CV 2890, 2007

WL 2886355, *2 (N.D. Ohio Sept. 27, 2007). The Amended Complaint itself defeats any possibility that plaintiff can prove that fact because the entire purpose of the parties' relationship was plaintiff's desire and intent to have its returns shipped back to those products' manufacturers – not returned to itself. As a result, plaintiff has pled itself out of any possible recovery on a bailment theory.

Recognizing that fatal flaw in the Amended Complaint, plaintiff cites three irrelevant cases illustrating classic bailment scenarios where the bailee, in fact, intends to return the product in question to the bailor. Those cases do not support plaintiff's argument here. First, in discussing *R. Carrillo & Co. v. McAfee Bros. Furniture Co.*, 42 Ohio App. 259 (6th Dist. 1932), plaintiff conveniently ignores that the agreement between the parties required the bailor to return unsold goods to the bailee. *R. Carrillo*, 42 Ohio App. at 264 ("The consignee merely held the unsold goods as bailee, and **was required to surrender them** to the bailor in accordance with the terms of the contract.") (emphasis added). Thus, it was a classic bailment case, including the intent to return the goods in question, which shares no similarities with this case where return of the products to Masters would defeat the entire purpose of the parties' relationship.

Second, in *Hotels Statler Co. v. Safier*, 103 Ohio St. 638 (1921), the plaintiff stored personal items in a hotel storage locker under the assumption that he would return to collect those items (i.e., that the items would be returned to him). Again, that is a classic bailment case, and unlike the allegations here, which are premised on the products never being returned to plaintiff.

Finally, in *Vehicle Dev. Corp. PTY LTD v. Livernois Vehicle Dev., LLC*, 995 F. Supp. 2d 758 (E.D. Mich. 2014), a case interpreting Michigan law, the defendant took temporary possession of a vehicle for the limited purpose of repairing it. *Vehicle Dev. Corp.*, 995 F. Supp.

3

2d at 770. While it should go without saying that the intention was to have that vehicle returned to the owner following the repair, the court made it clear that that fact is what made it a bailment: "[B]ailment imports the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied…**and the property returned**…." *Id*. (emphasis added). That is exactly the point Devos made in its opening brief, and plaintiff has now presented this Court with additional cases that directly support Devos's argument.

Indeed, those cases highlight that there is nothing unique about plaintiff's claim that take it out of the well-settled framework for classic bailment cases. In those cases, the item in question was deposited for the purpose of doing something with the product **but then returning it to the product's owner**; here, the entire purpose of the relationship was for Devos to take possession of the product and then dispose of it, either by sending it back to the manufacturer or by destroying it. Returning the products in question to Masters was never contemplated, and plaintiff cannot allege otherwise. The facts and allegations here just do not fit as a bailment case. Far from supporting plaintiff's argument here, all the cases on which plaintiff relies, as well as those referenced in Devos's motion, firmly support dismissal of the breach of bailment claim.[1] The Amended Complaint admits that the very purpose of plaintiff's agreement with Devos was not for Devos ever to return any product to plaintiff, but for Devos to send the products to the manufacturers. (Am. Complt., ¶ 7.) Plaintiff admits that fact as an allegation (*see id*.), and that factual allegation is absolutely fatal to any attempt to assert a bailment claim against Devos. Without an expectation that any product would be returned to plaintiff, there is no factual basis on which to assert a bailment claim. Therefore, that claim should be dismissed.

---

[1] Without citing any authority, plaintiff suggests that Devos somehow bears the burden of proof to rebut elements of the bailment claim. Aside from the fact that the bailment claim fails as a matter of law, plaintiff does not explain any basis for arguing why it, as the plaintiff, should be absolved its burden of proof on any element.

4

### 2. Plaintiff's "Claim on An Account" (Count One) Is Subsumed by the Contract Claims

Plaintiff does not address, much less refute, Devos's argument that the Amended Complaint fails to state a cause of action for "claim on an account." (Doc. 63, 10.) Plaintiff does not dispute that this purported claim is a mere reiteration of plaintiff's breach of contract claim and not a stand-alone cause of action. *See Cooper & Pachell v. Haslage*, 756 N.E.2d 1248, 1250 (Ohio Ct. App. 2001) (citing *AMF, Inc. v. Mravec*, 440 N.E.2d 600, 603 (Ohio Ct. App. 1981) ("An action on an account is an action for a breach of contract."). Therefore, Devos is entitled to a dismissal of Count One of the Amended Complaint.

### 3. Plaintiff's Negligence Claim (Count Five) Is Improper

Count Five, like Counts One and Four, is yet another breach of contract claim masked as something else, this time a negligence claim. In an effort to side-step the fact that the parties' relationship does not implicate any common law duty, plaintiff attempts to rely on a purported duty that does not exist under Ohio law. (*See* Doc. 48, 6 (alleging that "Devos breached its common law duty to advise Masters of its batching process and attendant risks").) Not only is plaintiff's position wholly unsupported by the law, but also it is identical to the alleged conduct from which plaintiff's breach of contract claim arises. (*See* Am. Complt., Count Two, ¶ 56 (claiming that plaintiff was unaware that Devos "batched" products together).) It is a longstanding principle that, if the "gravamen of the complaint is the breach of the contract," the plaintiff cannot bring duplicative tort claims. *Ketcham v. Miller*, 104 Ohio St. 372, 377 (1922); *see also TolTest, Inc. v. Purcell P & C, L.L.C.*, No. 3:12-CV-01821, 2013 WL 1571714, *6 (N.D. Ohio Apr. 12, 2013) (following the general rule of *Ketcham* and holding that plaintiff may not proceed with a tort claim against defendant). Plaintiff cannot assert a breach of contract claim under the guise of a negligence claim. *See, e.g.*, *Poundstone v. DEW Resources, Inc.*, 75

5

Fed. Appx. 353, 366 (6th Cir. 2003) (dismissing negligence claim where any duty owed to plaintiff arose under the contractual agreement between the parties); *Wells Fargo Bank, N.A. v. Fifth Third Bank*, 931 F. Supp. 2d 834, 839 (S.D. Ohio 2013) ("Ohio law makes clear that [plaintiff] cannot convert its contract claim into a tort claim merely by alleging that [defendant's] conduct was willful or malicious.").

Plaintiff also cannot escape the reality that its negligence claim is barred by the economic loss doctrine. Devos not only cited abundant authority supporting that argument (Doc. 46, 12-13), but also the cases cited in plaintiff's opposition support that black-letter law. *See, e.g.*, *Onyx Environmental Services, LLC v. Maison*, 407 F. Supp. 2d 874, 877 (N.D. Ohio 2005) ("The economic loss doctrine prevents a party from recovering economic losses in tort that result from a breach of duties assumed only by agreement."). Plaintiff has done nothing even to attempt to refute the application of the economic loss doctrine. Accordingly, plaintiff's negligence claim fails as a matter of law.

### B. PLAINTIFF'S BREACH OF CONTRACT CLAIMS ARE DEFICIENTLY PLED

Devos argued that plaintiff's breach of contract claims fail because they were pled insufficiently and because they lack the requisite underlying conduct. While plaintiff contends it has pled those claims sufficiently, it fails to address Devos's arguments. Instead, plaintiff merely restates the same allegations from its Amended Complaint, which do not support a legal conclusion that Devos can be held liable for breach of contract.

#### 1. Count Two of the Amended Complaint Fails (Value of Returns)

As Devos stated in its opening brief, and as plaintiff does not dispute, the breach of contract claim required an allegation of "nonperformance by the defendant" of the contract in question. *See McDonald v. Canton Med. Edn. Found., Inc.*, 995 N.E.2d 1216, 1221 (Ohio Ct.

6

App. 2013); *see also Swan Media Group, Inc. v. Staub*, 841 F. Supp. 2d 804, 807 (S.D.N.Y. 2012). Plaintiff does not dispute that where a complaint fails to plead an element of the claim adequately, a motion to dismiss is an appropriate method to dispose of that claim. *See Indiana Michigan Power Co. v. Siemens Energy, Inc.*, No. 2:12-cv-861, 2014 WL 4748438 (S.D. Ohio Sept. 23, 2014).

While the Amended Complaint alleges a contract between the parties, it fails to allege two basic elements required for breach of contract claim – both that Devos failed to perform and that plaintiff was actually injured. Rather than attempt to explain those deficiencies, plaintiff admits, as it must, that it cannot determine why batching generated less money than plaintiff expected. (Doc. 48, 4.) Contrary to plaintiff's incorrect assertion, that concession does not implicate the batching process, but instead highlights plaintiff's inability to explain how batching is in any way responsible for plaintiff's unmet expectations. Though plaintiff subjectively believes it was entitled to a greater refund, the Amended Complaint does not allege any facts supporting a finding that plaintiff in fact was entitled to more than what it received, whether the products were batched or not. Accordingly, Count Two of the Amended Complaint is inadequately pled.

### 2. Count Three of the Amended Complaint Also Fails (Service Fees)

Unable to oppose Devos's motion, plaintiff tries to reinvent the allegations in the Amended Complaint. Plaintiff now asserts that there are additional batches that were not identified in the Amended Complaint, and that those undisclosed batches generated additional damages that will be determined at some unidentified point in time. However, plaintiff cannot avoid the admissions it already made in its Amended Complaint. Exhibit A to the Amended Complaint shows total fees paid to Devos of less than $350,000, and plaintiff acknowledges that

7

it owed at least some fees to Devos. Therefore, plaintiff's allegation that it has "paid at least $350,000 more in fees than it should have" is facially impossible. (Am. Complt., ¶ 43.) Plaintiff cannot now rely on allegations that do not exist in its pleading to save a claim that fails on its face.

The Amended Complaint also completely fails to explain how the existence of required wholesaler fees is in any way inconsistent with Devos's contractual obligation to return plaintiff's products. In an effort to deflect that flaw, plaintiff's opposition provides an incomplete hypothetical that "Devos could have deducted administrative fees from the 'all inclusive' fee." (Doc. 48, 5.) That assertion does not appear in the Amended Complaint, and plaintiff is well aware that it does not accurately represent how wholesalers take their fees.[2] Plaintiff cannot meander around its insufficiently pled breach of contract claim by asserting hypotheticals that it knows mischaracterize common practice in the industry, and the facts of this case. Count Three of the Amended Complaint is not supported by factual allegations, and therefore should be dismissed.

### C. PLAINTIFF'S FRAUDULENT INDUCEMENT CLAIM DOES NOT SATISFY THE REQUIREMENTS OF CIVIL RULE 9

Plaintiff's effort to defend its conclusory allegations of fraudulent inducement is unavailing. Indeed, plaintiff is unable to point to any allegations in the Amended Complaint where it adequately pled the necessary elements in non-conclusory terms. (Doc. 48, 7-8.) Plaintiff does not assert that it has satisfied the who, what, when, where, and how requirements of Rule 9 of the Federal Rules of Civil Procedure, but rather alleges that it is not required to plead anything more at this stage of the case. That is contrary to the requirements of Rule 9(b),

---

[2] As plaintiff knows from the depositions it has taken of Devos representatives, Devos does not pay the wholesalers anything, and manufacturers do not send refunds directly to Devos. By the time Devos first receives any money for refunds, all wholesaler fees are already deducted. Plaintiff's hypothetical scenario is yet another demonstration of a fundamental lack of understanding of the pharmaceutical returns industry.

which prevents the filing of a complaint as a pretext for a plaintiff's fishing expedition and protects the defendant's reputation and goodwill from improvident charges of wrongdoing. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 358 (6th Cir. 2014). As explained in Devos's motion, plaintiff's fraudulent inducement claim is a textbook example of the sort of conclusory, factually devoid allegation that cannot support a claim under Rule 9(b).

Plaintiff's argument regarding the classic puffery asserted in the Amended Complaint is equally unavailing. Devos provided ample authority where courts have found nearly identical representations to those alleged in this case to be non-actionable puffery. (*See, e.g.*, Doc. 46, 15-16 (citing *Circle Click Media LLC v. Regus Management Group LLC*, No. 12–04000, 2013 WL 57861, at *10 (N.D. Cal. Jan. 3, 2013) (holding that advertising claims including "all-inclusive," "one monthly fee," "one low monthly rate" were non-actionable puffery)).) Rather than respond to that authority, plaintiff protests that the alleged misrepresentations were false. However, plaintiff's reliance on *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 649 F. Supp. 2d 702, 725 (N.D. Ohio 2009), is misleading, particularly because the court there held that the advertisements at issue were non-actionable puffery. *Id.* ("[Defendant's] use of terms such as revolutionary and unique constitutes a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than mere expression of opinion.") (internal quotes omitted). Plaintiff's fraudulent inducement claim does not satisfy Rule 9(b)'s pleading requirements and should be dismissed.

### III. CONCLUSION

For the foregoing reasons, as well as those stated more fully in Devos's Motion for Judgment on the Pleadings, Devos respectfully requests an order dismissing plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ Joshua A. Klarfeld*
Paul J. Cosgrove (0073160)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 698-5034/(513) 698-5035 fax
pcosgrove@ulmer.com

Joshua A. Klarfeld (0079833)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113
(216) 583-7000/(216) 583-7001 fax
jklarfeld@ulmer.com

Alyson Terrell (0082271)
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, Ohio  43215-3581
(614) 229-0000/(614) 229-0001 fax
aterrell@ulmer.com

***Attorneys for Defendant Devos, Ltd.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2016, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Joshua A. Klarfeld*
*One of the Attorneys for Defendant*