**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| MASTERS PHARMACEUTICAL, INC., | ) | CASE NO. 1:14-cv-551 |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL R. BARRETT |
| | ) | |
| vs. | ) | |
| | ) | |
| DEVOS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DEVOS, LTD.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL**

## I.    INTRODUCTION

Plaintiff Masters Pharmaceutical, Inc.'s motion to compel [Doc. 52], and the discovery request on which it was based, were designed to do nothing other than harass Defendant Devos, Ltd., and increase Devos's defense costs by burdening it with unnecessary, overly broad, and duplicative discovery that are not proportional to the needs of this case. Plaintiff's motion should be denied for three reasons: (1) plaintiff impermissibly filed it in violation of this Court's Standing Order prohibiting such motions; (2) the motion seeks documents that are irrelevant to this lawsuit; and (3) the motion seeks years' worth of raw data, which would be unduly burdensome for Devos to collect and produce, and Devos already has produced in a usable format the data contained within the documents plaintiff has demanded.

At its core, this lawsuit amounts to plaintiff's subjective claim that it is unhappy that it did not receive a greater refund based on what manufacturers, over whom Devos has no control, determined to be creditable or refundable product. Recognizing the futility of its claims – because Devos already has produced evidence establishing that it obtained for plaintiff all plaintiff was entitled to receive – plaintiff now has employed a tactic designed to drive up

Devos's defense costs by attempting to require Devos to undertake a massive document collection to satisfy plaintiff's (mistaken) belief about what the documents in question show.[1] Plaintiff's motion is improper based on this Court's Standing Order. But even if it were permitted, the irony of plaintiff's motion is that while plaintiff now claims the documents it seeks would show the value of its product (they do not), plaintiff previously refused to produce documents that unequivocally establish what plaintiff paid for the products in question (i.e., documents directly relevant to plaintiff's alleged damages).[2] Plaintiff's motion should be denied.

## II.   STATEMENT OF FACTS

### A.   BACKGROUND

Plaintiff is a wholesale distributor of pharmaceutical products and a former Devos customer. (*See* Am. Complt., ¶ 2; *see also* Declaration of Sharon Curley ("Curley Decl."), attached as Exhibit 2, ¶ 2.) Devos is a reverse distributor of pharmaceutical products and medical devices. (*See* Curley Decl., ¶ 2.) Plaintiff's allegations boil down to a claim that it was entitled to receive a greater refund from Devos than it actually received. (Motion to Compel, 1-2.) Devos denies plaintiff's claims in their entirety.

Devos facilitates its customers' return or destruction of certain products, based on each manufacturer's published return policy. (*See* Curley Decl. ¶ 3.) When the manufacturer deems a product creditable or refundable – often because of expiration or recall, among other factors – the manufacturer issues a credit for that product. (*See id.*, ¶ 4.) As part of the return process, Devos assigns an estimated return value, or ERV, for each product, based upon information obtained

---

[1] Exhibit 3 to plaintiff's affidavit in support of its motion to compel [Doc. 52-1], a May 10, 2016, letter from Mr. Klarfeld to Mr. Lauer, highlights plaintiff's motives behind filing this motion. That letter is attached here, for the Court's convenience, as Exhibit 1. As that exhibit shows, the parties had been engaged in settlement discussions. When Devos agreed to the settlement demand plaintiff had made, plaintiff responded by increasing its settlement demand by 50% and then filing this motion in an effort to extort a higher settlement amount.

[2] Devos filed a motion to compel those documents [Doc. 27], which this Court denied [Doc. 41]. Although Devos maintains its motion was proper, and it preserves the issue for appeal, it notes that plaintiff's current demand for discovery mirrors Devos's demand that plaintiff opposed.

through a pharmaceutical product pricing service to which Devos subscribes. (*See id*., ¶ 3.) The assigned estimated return value is just that – an estimate – it is not a conclusion that any product is, in fact, creditable or that any product will be creditable at a particular value, and in no way is it an assurance of the value that will be issued for the return. (*See id*.) The ERV is reflective of the amount most likely paid to purchase the item, according to the standard pricing available. (*See id*.) The final decision of creditability rests with the manufacturer in its sole discretion. (*See id*.) Devos is the middle-man, and when a manufacturer does not issue credit, Devos has no ability to force the manufacturer to do so. (*See id*., ¶ 4.)

Plaintiff now claims it did not understand the terms under which Devos would process its returns, including that Devos would use a "batching" system under which plaintiff's returns were consolidated with products being returned on behalf of other Devos customers. (*See* Motion to Compel, 2.) Regardless of whether plaintiff understood that Devos batched its products with other customers' products, it is undisputed that plaintiff's net credit was calculated as a proportionate share of the products it had in each batch. (*See* Curley Decl., ¶ 4.) When Devos would receive batched credits/refunds for products in a particular batch, the credit memos would not reflect from which customer those products originated. (*See id*., ¶ 7.) Plaintiff does not dispute that Devos already had produced the documents that show that plaintiff received its proportionate share of the batched returns in which it had product.

**B.  DEVOS HAS PARTICIPATED IN EXTENSIVE DISCOVERY**

Since plaintiff filed this lawsuit in 2014, Devos has participated in extensive written discovery, fully responding to plaintiff's discovery requests. Devos has produced in excess of 1,000 pages of documents, as well as several electronic documents in native format, which would increase the page total significantly. Devos also has produced two witnesses (Paul Nick

and Sharon Curley) in response to plaintiff's deposition request under Rule 30(b)(6) of the

Federal Rules of Civil Procedure.

### C.   THE DISCOVERY AT ISSUE

At issue in plaintiff's motion to compel is Request No. 5 from plaintiff's Third Requests

for Production propounded to Devos. That request and Devos's response are as follows:

> REQUEST NO. 5: Produce all documents, including without limitation, credit memos,
> wire transfers or other documents evidencing any payments made by Amerisource
> Bergen Drug Corporation to Defendant between 2005 and 2010 along with any
> spreadsheets, reports or other documents relating to all such payments.

> RESPONSE: Objection. This Request is overly broad and unduly burdensome. First, this
> Request seeks documents that, on its face, are not limited to plaintiff or to any batch that
> contained product that Devos attempted to return on plaintiff's behalf. Second, Devos
> estimates that responding to this Request would require the production of in excess of
> 12,000 – 270,000 pages worth of documents, in addition to the more than 1,000 pages of
> documents previously produced in this lawsuit, many of which contain aggregate
> information from the documents responsive to this Request. Further, plaintiff has failed to
> come forward with any evidence that Devos did not transmit to plaintiff any sums to
> which plaintiff claims it was entitled and, therefore, this Request is nothing more than a
> fishing expedition aimed at increasing Devos's litigation costs unnecessarily.
> Additionally, Devos already has produced a corporate representative to testify regarding
> this issue. Finally, this Request seeks documents that relate to other customers of Devos
> and, therefore, are confidential and proprietary.

(*See* Devos' Responses to Plaintiff's Third Set of Requests for Production No. 5, attached as

Exhibit 3.)

In that request, plaintiff sought "credit memos" that contain the raw data provided to

Devos from Amerisource Bergen Drug Corporation, the wholesaler through which plaintiff

claimed it purchased its products.[3] Counsel for Devos attempted to negotiate with plaintiff's

counsel over the relevance and scope of the discovery request, but was unsuccessful. Devos

explained that the documents Devos already has produced provide plaintiff with the information

contained in the credit memos, and Devos should not be required to produce thousands of

---

[3] It now has become clear that plaintiff did not purchase the overwhelming majority of its products through that
wholesaler, despite repeatedly providing Devos with documentation expressly to the contrary.

4

additional documents just to prove a negative (i.e., that Devos submitted to plaintiff all the funds to which plaintiff actually was entitled, particularly when plaintiff has not come forward with any evidence to the contrary), or simply to satisfy plaintiff's curiosity. (*See* Email Chain between Mr. Klarfeld and Mr. Lauer (the "Email Chain"), attached as Exhibit 4.)[4]

Devos further explained that: (1) the credit memos are irrelevant because plaintiff's returns were part of a batched return program, and plaintiff received its proportionate share of the credits and refunds for all batches in which it had product; and (2) the credit memos provide raw data about how much money was credited for each product, **but there is no way to determine from the credit memos which customer's products generated value, or how much**. (*See* May 10, 2016 Letter from Mr. Klarfeld to Mr. Lauer.)

Plaintiff claims the credit memos will permit it "to determine Masters' [alleged] damages with precision" because those "documents…show the actual amount generated by Masters' products." (Motion to Compel, 1, 3.) Plaintiff is mistaken. Batched credit memos do not contain any information that identifies any particular customer, nor do they contain information that would allow for a determination of which of Devos's customer's products resulted in credits, or the specific value of the credit generated by any particular Devos customer. (Curley Decl., ¶ 7.) Instead, credit memos provide raw data about how much money was credited for each product, but there is no way to determine from the credit memos which customer's product generated value, or how much. (*See id*., ¶¶ 7-8.) Credit memos for batched returns identify product by NDC number, and sometimes by lot number, but multiple customers may return the same product from the same lot, and there is no way to distinguish the returns of one customer from another based upon the information on the credit memo. (*See id*., ¶ 7.) Nothing in the credit memos show that

---

[4] The Email Chain contains information about the parties' settlement negotiations. The proposed settlement amounts reflected in the Email Chain have been redacted. Plaintiff already has unredacted copies of the Email Chain, and an unredacted copy can be provided to the Court if necessary.

plaintiff's product actually received credit and another company's did not or, more likely, that another company's product actually received credit and plaintiff's product did not – indeed, that is the whole point of a batched return. (*See id.*, ¶ 8.)

Plaintiff's current motion reflects nothing more than an attempt to require Devos to engage in onerous discovery and produce hundreds of thousands of documents that do not even identify plaintiff or plaintiff's products in any meaningful way. (*See id.*, ¶¶ 6, 9.) And that really is the most critical point – the documents plaintiff seeks, which are incredibly voluminous, do not contain the information plaintiff contends they contain. Notably, while plaintiff has claimed that its so-called "expert" stated that the credit memos do contain that information, plaintiff has submitted no evidence to support that incorrect statement in the form of an affidavit from the expert or otherwise. Contrast that with the attached declaration from Devos, which is unrebutted and expressly states that batched credit memos "**do not include information that would allow the reader to determine how much credit any particular customer's product generated**." (Curley Decl., ¶ 8 (emphasis added).)

### D.    DEVOS'S MEET AND CONFER EFFORTS

Despite plaintiff's discovery request being improper, Devos nonetheless attempted to resolve this issue without court intervention. For example, Devos agreed to produce all the credit memos for a five year period that it has received from the wholesaler from whom plaintiff claimed it purchased its products, provided plaintiff would agree to produce the discovery it has been withholding from Devos – i.e., product pedigrees and proofs of purchase – and not seek any further fact discovery requests from Devos. (*See* May 10, 2016 Letter from Mr. Klarfeld to Mr. Lauer.)[5] Plaintiff rejected that proposal and instead proposed that Devos produce the credit

---

[5] The rationale behind seeking an agreement that plaintiff would not seek additional discovery was two-fold. First, because the documents themselves do not contain the information plaintiff seeks, it would be inevitable that plaintiff

memos for one of the 27 batches at issue in this lawsuit. (Email Chain at 6.) However, as Devos explained to plaintiff, that offer was illusory because the credit memos are not kept on a "per batch" basis. (*Id.* at 5; *see also* Curley Decl., ¶ 10.) Consequently, even under plaintiff's offer, Devos still would have been required to review and produce all the credit memos for the five year period, thus not alleviating any burden on Devos. (*See* Email Chain at 5; Curley Decl., ¶ 10.)

Plaintiff refused Devos's offers to negotiate over this discovery dispute. Plaintiff did not propose a call or email to the Court in an effort to resolve this dispute without filing a discovery motion. Instead, in violation of this Court's Standing Order prohibiting discovery motions, plaintiff filed the instant motion and has demanded that Devos produce reams of discovery that will serve no purpose other than drive up Devos's litigation costs.[6]

## III.    ARGUMENT

### A.    STANDARD

Trial courts enjoy broad discretion in limiting discovery: "[I]t is well established that the scope of discovery is within the sound discretion of the trial court…[a]ccordingly, denials of motions to compel discovery are reviewed only for an abuse of discretion." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). While the scope of discovery generally is broad, "discovery does have 'ultimate and necessary boundaries.'" *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

_____

would then continue down its path of requesting more and more documents to try to force Devos to prove the negative (i.e., that it has given plaintiff everything plaintiff was entitled to receive), or otherwise drive up its litigation costs. Second, Devos's offer recognized that the Court's discovery schedule had called for a close of discovery on June 1, 2016, and the stipulation that plaintiff would not seek further discovery was in an effort to maintain that schedule without seeking the extension that now has been sought. (*See* Doc. 51.)

[6] This is not the first motion to compel in this case. On February 18, 2015, after engaging in a phone conference with the Court, Devos filed a motion seeking the product pedigrees and proofs of purchase that would establish the provenance of the products that are the subject of this lawsuit and how much plaintiff paid for those products. In response to Devos's motion, plaintiff argued that Devos's requests were irrelevant and would have required plaintiff to "produce thousands of documents Devos knows to be irrelevant." [Doc. 29, 2.] Plaintiff's current position – requesting that Devos produce hundreds of thousands of documents plaintiff knows to be irrelevant – is untenable.

Federal Rule of Civil Procedure 26(b)(2)(C) permits the Court to limit the frequency or extent of discovery served pursuant to Federal Rule 34. Specifically, the Rule provides:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Further, under the revisions to Federal Rule 26, discovery is now limited to the "proportional needs of the case." Fed. R. Civ. P. 26(b)(1). As this Court recognized in denying a motion to compel:

> [T]he Federal Rules of Civil Procedure instruct district courts to limit discovery where its burden or expense...outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. These factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting their original place in defining the scope of discovery. Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. **"Restoring proportionality" is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions.**

*Marsden v. Nationwide Biweekly Administration, Inc.*, No. 3:14-cv-00399, 2016 WL 471364, *2 (S.D. Ohio Feb. 8, 2016) (emphasis added); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, *1 (N.D. Ohio May 24, 2016) (holding that discovery request was overly broad, plaintiff had ample opportunity to conduct discovery, and documents would be unduly burdensome to produce). Here, where the information contained in a particular set of requested documents has been produced already, and the production of that set of documents would not further the needs of the case, the request should fall short of the proportionality standard.

Finally, a court need not compel discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(c)(iii); *NGOC Tran v. Chubb Group of Ins. Cos.*, No. 2:14-cv-447, 2015 WL 5047520, *4 (S.D. Ohio Aug. 27, 2015) ("district

courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

### B.   PLAINTIFF VIOLATED THIS COURT'S STANDING ORDER ON TRIAL PROCEDURE

Despite this Court's prohibition on motions to compel, plaintiff filed the instant motion.

This Court's Standing Order on Trial Procedure provides as follows:

**<u>Discovery</u>**

**THIS COURT DOES NOT PERMIT DISCOVERY MOTIONS**, *i.e.* motions to compel or motions for protective order regarding discovery disputes, unless and until counsel use the following procedure: Counsel must first attempt to resolve disputes by extrajudicial means (required by S.D. Ohio Civ. R. 37.1 and 37.2). This Court defines "extrajudicial means" as requiring counsel to try to resolve the matter both in writing and telephonically. If counsel are unable to resolve the dispute between themselves, then they must contact the Court's Courtroom Deputy, Barbara Crum by either telephone (513-564-7699) or by email at barrett_chambers@ohsd.uscourts.gov, and a telephone conference with all counsel and the Court will be scheduled as soon as possible.

(Standing Order on Trial Procedure (Civil), 2.)

Plaintiff failed to follow that procedure. Plaintiff did not contact the Court to request a conference regarding this dispute. Instead, in yet another effort to drive up Devos's costs, plaintiff filed its motion to compel, requiring Devos to file this brief in opposition. Plaintiff's failure to follow this Court's procedure on discovery motions warrants denying its motion.

### C.   THE CREDIT MEMOS ARE IRRELEVANT TO THIS LAWSUIT

Aside from being procedurally improper, the motion should be denied because it seeks improper discovery. Through its discovery requests and then this motion, plaintiff has attempted to require Devos to produce "credit memos" it received from the wholesaler through which plaintiff originally claimed it purchased the products at issue in this lawsuit. Plaintiff's stated rationale is that those documents would somehow permit it to determine how much of the batched refund related to plaintiff's product, as opposed to other of Devos's customers' products. (Motion to Compel, 2-3.) Plaintiff is mistaken.

First, plaintiff's motion is premised on a faulty assumption – the documents plaintiff seeks do not contain the information plaintiff believes they do. Contrary to plaintiff's unsupported statements, those documents would not allow plaintiff, its "experts," or anyone else to determine whether the products plaintiff attempted to return through Devos received any credit or, if so, how much. It is worse than a fishing expedition; it is a very expensive fishing expedition that has no hope of ever yielding any fish. The information plaintiff seeks is not in the documents it has requested (or, for that matter, in any other documents within Devos's possession, custody, or control). (*See generally* Curley Decl.)

Second, even if the information plaintiff seeks could be gleaned from the credit memos, those credit memos still are irrelevant to this lawsuit. As plaintiff knows, and has even argued to this Court, plaintiff was part of a batched return program, and it received its proportionate share of the credits and refunds for all batches in which it had product. (*See id.*, ¶ 4; Motion to Compel, 2.) Plaintiff's disagreement with Devos about whether it was appropriate for plaintiff to be part of a batched program does not alter the fact that plaintiff was, in fact, in that program. Accordingly, even if it were possible to identify with any specificity which products in each batch received credit and what amount, that would not change the manner in which plaintiff's refunds were calculated, rendering the documents plaintiff seeks irrelevant.

Indeed, the arguments plaintiff makes now are irreconcilable with the position it took in opposing Devos's motion to compel. In arguing there that the amounts plaintiff paid for its products were irrelevant, plaintiff stated that "if Devos does not know why Masters' products did not generate refunds, and believes it had no duty to find out, then the provenance of those products and what Masters paid for them cannot be relevant." [Doc. 29, 3-4.] Despite repeatedly arguing that the amount it paid for the products is irrelevant because plaintiff was in a batched

program for which it only received its proportionate share of the credits and refunds, plaintiff now argues the specific amount Devos received for plaintiff's products is somehow relevant. Thus, plaintiff is attempting to force Devos to undertake a massive document review that is precisely the same type of review plaintiff itself refused to undertake as overly burdensome under the facts of this case.

### D. PLAINTIFF'S DISCOVERY REQUESTS ARE DUPLICATIVE, UNDULY BURDENSOME AND NOT PROPORTIONAL TO THE NEEDS OF THIS CASE

Plaintiff's motion is designed to force Devos to engage in expensive discovery. When considering the discovery Devos already has produced, and that it contains the information contained in the credit memos just in a usable format, the impropriety of plaintiff's position becomes clear, particularly because it is not proportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff has acknowledged that "there are several possible ways [it] could prove its damages in this case." (Motion to Compel, 2.) And while Devos disputes that plaintiff has any damages at all, plaintiff continues to demand that Devos undertake this massive document collection, despite the documents in question not containing the information plaintiff contends they do.

The credit memos reflect the value of the credits issued by the manufacturers to the wholesaler. (*See* Curley Decl., ¶¶ 5-6.) They do not identify those sums on a per customer basis or in any other way that would allow for a determination of which customer's product resulted in credits or refunds. (*Id.*, ¶ 8.) The information in the credit memos already is contained in other documents Devos produced in discovery, and in a format that is usable (instead of just the raw data contained on the credit memos). For example, Devos has produced credit summaries identifying the sum of the credit memos issued to the wholesaler through which plaintiff claimed

it received its products, and those documents contain the information on a per batch basis.[7] The credit memos provide the same information that already has been produced, just in a different format. The credit memos are not only duplicative, but also not usable in the form in which they are kept in the ordinary course of business. They exemplify a discovery request that is not proportional to the needs of the case. Both the credit memos (once they are translated to a usable format), and the documents already produced in discovery, show the same thing: plaintiff received exactly its proportionate share of the returns, which is all it was entitled to receive under the batched return process. Forcing Devos to collect and produce the hundreds of thousands of credit memos, which are not maintained in a format that even will be useful, is an exercise in very expensive futility. For that additional reason, plaintiff's motion should be denied.

## IV.     CONCLUSION

For the foregoing reasons, Defendant Devos, Ltd., respectfully requests that this Court deny plaintiff's motion to compel.

Respectfully submitted,

*/s/ Joshua A. Klarfeld*
Paul J. Cosgrove (0073160)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 698-5034/(513) 698-5035 fax
pcosgrove@ulmer.com

Joshua A. Klarfeld (0079833)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113
(216) 583-7000/(216) 583-7001 fax
jklarfeld@ulmer.com

***Attorneys for Defendant Devos, Ltd.***

---

[7] Unlike the credit memos, the credit summaries are maintained by batch.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2016 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Joshua A. Klarfeld*
*One of the Attorneys for Defendant Devos, Ltd.*

13